UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BENNIE WALTON                                                              PLAINTIFF

v.                                                        Civil No. 1:18-cv-00004-GHD-DAS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY                                                            DEFENDANT

## MEMORANDUM OPINION

Plaintiff Bennie Walton attempted to climb between the cars of a stopped train when the it suddenly began moving. Walton fell and lost part of his right leg as a result. Walton sued the owner of the train, Defendant Kansans City Southern Railway Company ("KCSR"). KCSR now moves for summary judgment [63]. For the reasons set forth below, the Court finds that the motion should be granted.

### Background

On March 21, 2016, Walton traveled from his house along a pedestrian pass to go to a nearby convenience store. Bennie Walton Depo. [67-1] at 74–75. This path had been used to cross the tracks for many years. *See* Eric Lewis Depo. [67-3] at 16.

He arrived at where the path crossed the tracks and found a KCSR train sitting there. The train crew was in the process of moving cars between the main track and a nearby sidetrack. *See* Foster Peterson Aff. [63-1] at 1–2. There is a dispute about how long the train remained stationary on the tracks. KCSR maintains the crew stopped for only 19 seconds to align switches on the track. *Id.* at 2. Walton, however, stated that the train was there for at least an hour, Walton Depo. at 208, and was stationary long enough for him to climb between the rail cars, go to the store, and begin walking back home. *Id.* at 104–108.

Walton again tried to climb between the cars. As he was climbing over, the train began moving. *Id.* at 114–17. Walton lost his balance and fell over. The train ran over his leg, amputating it. *Id.* at 115.

1

Walton maintains that the crew did not sound the train's horn before it began moving. The crew says that they did. Peterson Aff. at 3. While at least one member of the crew was aware that the pedestrian path crossed over the tracks, it is undisputed that no member of the crew knew that Walton was passing between the rail cars when they began moving the train. Stephen Cox Depo. [63-3] at 15; Tony Dantzler Depo. [63-6] at 8; Chris McGlothin Depo. [63-7] at 13-15.

Walton brought this action alleging that KCSR was negligent both in leaving the train on the tracks for too long and for moving the train without warning. KCSR moves for summary judgment.

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)).

The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate

specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (internal quotation marks omitted.); *Littlefield v. Forney Indep. Sch Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

## Analysis

KCSR argues that summary judgment is appropriate for several reasons. First, KCSR contends that the ICC Termination Act of 1995, 49 U.S.C. §§ 10101, *et seq.* preempts Walton's negligence claim for blocking the track. Second, it argues Walton cannot establish KCSR had a duty to minimize the time it blocked the track. Third, KCSR argues that Walton was a trespasser at the time the accident occurred, and therefore KCSR only had to refrain from injuring him willfully or wantonly. Finally, KCSR argues that even if Walton were a licensee, KCSR still only had a duty not to injure him willfully or wantonly because the crew was unaware of his presence.

### I. Blocking Claim

KCSR argues that the ICC Termination Act of 1995 (the "ICCTA") preempts Walton's blocking claim.

The ICCTA vests exclusive jurisdiction over economic regulation of the rail industry including authority over the "the construction, acquisition, operation, abandonment, or discontinuance of spur, industrial, team, switching, or side tracks," with the Surface

3

Transportation Board. 49 U.S.C. § 10501(b). "[T]he remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law." *Id.*

The ICCTA thus preempts "state laws and claims that regulate the amount of time trains block crossings." *Ezell v. Kansas City S. Ry. Co.*, 866 F.3d 294, 299 (5th Cir. 2017). Any "state law tort remedy that would directly regulate a railroad's switching rates and services falls squarely under § 10501(b)." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 807 (5th Cir. 2011) (citing *PCI Transp. Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, at 540 (5th Cir. 2005)). "It is clear that a tort suit that attempts to mandate when trains can use tracks and stop on them is attempting to manage or govern rail transportation in a direct way." *Franks Inv. Co. LLC v. Union Pac. R. Co.*, 593 F.3d 404, 411 (5th Cir. 2010).

Walton claims that KCSR breached its duty of reasonable care by "blocking access for an unreasonable amount of time." Compl. [1] at 2, ¶ 12. Walton's claim, therefore, threatens to control how long a company may leave its trains on a track. The ITTC vests the right to regulate that action exclusively with the STB, and preempts Walton's blocking claim. The Court grants summary judgment in favor of KCSR on that claim.

## II. Failure to Warn Claim

KCSR argues that Walton's failure to warn negligence claim fails because KCSR possessed only a duty not to injure Walton willfully or wantonly, either because he was a trespasser, or because he was an invitee whose presence was not known. Since Walton cannot show KCSR willfully or wantonly injured him, it argues, his claim fails. KCSR also contends that even if it did owe a duty of reasonable care, Walton could not show that KCSR breached that duty by not sounding the horn and bell before resuming movement.

Walton argues that there are genuine issues of fact about whether he was a licensee or a trespasser. He further asserts that, if he were a licensee, KCSR owed him a duty of reasonable care.

Mississippi maintains the "invitee-licensee-trespasser trichotomy" to analyze the "duty of care owed by property owners to personal injury plaintiffs." *Hudson v. Courtesy Motors, Inc.*, 794 So. 2d 999, 1003 (Miss. 2001). A trespasser "is one who enters upon another's premises without license, invitation, or other right." *Little by Little v. Bell*, 719 So. 2d 757, 760 (Miss. 1998) (quoting *Hoffman v. Planters Gin Co.*, 358 So.2d 1008, 1011 ( Miss. 1978) (internal quotation marks omitted)). A property owner must only "refrain from willfully or wantonly injuring" a trespasser. *Id.* (quoting *Adams v. Fred's Dollar Store of Batesville*, 497 So.2d 1097, 1100 (Miss. 1986) (internal quotations omitted). A licensee "is one who enters upon the property of another for his own convenience, pleasure or benefit, pursuant to the license or implied permission of the owner." *Skelton v. Twin County Rural Elec. Ass'n*, 611 So.2d 931, 936 (Miss.1992). Generally, a property owner owes a licensee the duty "only to refrain from willfully and wantonly injuring him and to point out hidden dangers." *Vaughn ex rel. Vaughn v. Estate of Worrell*, 828 So. 2d 780, 784 (Miss. 2002) (citing *Skelton*, 611 So.2d at 936.).

There is, however, an exception. A property owner owes a licensee a duty of reasonable care when he is (1) "aware of the licensee's presence on the premises" and (2) "engaged in affirmative or active negligence in the control or operation of activities on the premises." *Id.* (citing *Saucier v. Biloxi Reg'l Med. Ctr.*, 708 So.2d 1351, 1356 (Miss. 1998)).

Walton asserts that there is ample evidence that the crew members were aware of the footpath and knew that pedestrians regularly crossed the path. But that is not enough. The property owner must know more than that sometimes, some people are present on the property. To fall within the exception, the property owner must know specifically of the plaintiff's presence. *See Doe v. Jameson Inn, Inc.*, 56 So. 3d 549, 554–55 (Miss. 2011) (highlighting facts that called into question defendant hotel's knowledge that the plaintiff was on its premises).

Here, there is no evidence that the crew members knew of Walton's presence between the rail cars. The crew members repeatedly testified that they did not see anyone, and

5

especially not Walton, on the tracks. Cox Depo. at 10, 30; McGlothin Depo. at 13–14; Dantzler Depo. at 7–8. Moreover, Walton concedes he has no reason to believe that the crew knew he was there. Walton Depo. at 124.

Because there is no evidence the crew was aware of Walton's presence, it is irrelevant whether he was a licensee or a trespasser. The duty of care KCSR owed him is the same: the duty not to willfully and wantonly injure him.

"Willfulness and wantonness connote knowingly and intentionally doing a thing or wrongful act." *Raney v. Jennings*, 248 Miss. 140, 147, 158 So. 2d 715, 718 (1963). "A willful or wanton injury is more than mere inadvertence or lack of attention." *K.T. v. Klein Rd. Church of God*, 199 So. 3d 720, 724 (Miss. Ct. App. 2016) (citing *Leffler v. Sharp*, 891 So.2d 152, 159 (Miss. 2004). Instead, the conduct must "constitute a conscious disregard of a known serious danger." *Id.*

There is no evidence that the crew willfully or wantonly injured Walton. In *Astlefor v. Milner Enterprises*, 233 So.2d 524 (Miss. 1970), a hotel employee inadvertently backed over a woman standing in the driveway. *Id.* at 524–525. After the jury returned a verdict for the plaintiff, the trial court granted a motion for judgment notwithstanding the verdict, finding that no evidence could show that the driver willfully or wantonly injured the woman. *Id.* at 525. The Mississippi Supreme Court affirmed, stating that the employee's lack of attention about whether anyone was behind the truck did not rise to the level of willfulness or wantonness. *Id.* at 526.

Here, the crew was unaware of Walton's or anyone else's presence near the tracks at that time. Thus, they could not have intentionally injured him. Further, without seeing him or anyone else near the track, they could not have known that anyone was in danger of being run over by the train. Thus, their failure to signal that the train was about to move was not willful or wanton conduct. Accordingly, no evidence could establish that KCSR willfully or wantonly injured Walton.

6

## Conclusion

The ICCTA preempts Walton's blocking claim. Further, Walton cannot establish that KCSR willfully or wantonly injured him. For these reasons, KCSR's motion for summary judgment is granted, and Walton's claims are dismissed.

An order in accordance with this opinion shall issue.

This, the 1st day of April 2019.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE